**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4503**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

DEREK LEON HINTON,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00434-WO-1)

———————

Submitted:  October 6, 2016          Decided:  November 14, 2016

———————

Before SHEDD, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Blake Norman, THE LAW OFFICE OF J. BLAKE NORMAN, Durham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Derek Leon Hinton was convicted on three counts of distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Hinton contends that the district court improperly permitted the Government to introduce evidence pursuant to Fed. R. Evid. 404(b) of Defendant's two recent convictions for distribution of crack. For the reasons that follow, we affirm.

"To be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). The evidence also must satisfy the mandate of Fed. R. Evid. 403 that "the probative value of the evidence must not be substantially outweighed by its prejudicial effect." United States v. Byers, 649 F.3d 197, 206 (4th Cir. 2011) (internal quotation marks omitted). We review the admission of Rule 404(b) evidence for abuse of discretion and "will not vacate a conviction unless . . . the district court judge acted arbitrarily or irrationally." United States v. Cabrera-Beltran, 660 F.3d 742, 755 (4th Cir. 2011) (internal quotation marks omitted).

Generally, evidence of a crime or other bad act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance

2

with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As "a rule of inclusion," Rule 404(b) allows admission of "all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Briley, 770 F.3d 267, 275 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1844 (2015).

"In drug cases, evidence of a defendant's prior, similar drug transactions is generally admissible under Rule 404(b) as evidence of the defendant's knowledge and intent." Cabrera-Beltran, 660 F.3d at 755. However, to be admissible, the prior narcotics activity must have a sufficient nexus to the charged offenses, i.e., the acts should be "related in time, manner, place, or pattern of conduct." United States v. Johnson, 617 F.3d 286, 297 (4th Cir. 2010). Here, Hinton had been convicted of selling crack in hand-to-hand sales in Burlington, North Carolina, on two occasions only a matter of months before the charged offenses. We therefore conclude that the evidence of Hinton's prior drug distribution was admissible to demonstrate knowledge and intent.

Hinton contends that knowledge and intent were not issues in this case because he did not claim that he unknowingly sold

3

crack to the confidential human source, but rather denied selling anything to the source. By pleading not guilty to the charges of distributing crack, however, Hinton necessarily put his knowledge and intent--elements of the prosecution's case--directly at issue. See United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). "[T]he government, which has the burden of proving every element of the crime charged, must have the freedom to decide how to discharge that burden." United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (finding the defendant's intent at issue, notwithstanding defendant's conditional offer to stipulate to intent).

Thus, we conclude that the evidence was relevant and necessary. See Byers, 649 F.3d at 208 (noting that evidence is relevant as long as it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" (internal quotation marks omitted)); United States v. McBride, 676 F.3d 385, 398 (4th Cir. 2012) (finding that evidence is necessary when it "is an essential part of the crimes on trial" or "furnishes part of the context of the crime" (internal quotation marks omitted)).

We further conclude that any prejudicial effect did not substantially outweigh the probative value of the evidence, especially in light of the district court's limiting

4

instructions to the jury explaining that the jury was to consider the acts only as evidence of intent or knowledge, and not as evidence of bad character or propensity. See United States v. White, 405 F.3d 208, 213 (4th Cir. 2005) ("[A]ny risk of such prejudice was mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider [the Rule 404(b)] evidence.").

For these reasons, we conclude that the district court did not abuse its discretion in admitting evidence of Hinton's previous crack sales. Accordingly, we affirm Hinton's convictions.[*]

AFFIRMED

---

[*] We dispensed with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.